IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:

KELLY R. BACHOR

    Plaintiff,

v.

LA PLATA COUNTY, and

LA PLATA COUNTY PUBLIC WORKS DEPARTMENT

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Now comes the Plaintiff, Kelly Bachor, by and through counsel, and for her Complaint against Defendants states as follows:

## I.    INTRODUCTION

1. Plaintiff worked for La Plata County (the "County") in its Engineering Division of the Public Works Department for six years. Plaintiff received positive performance reviews and no disciplinary actions for the first four years of her employment. In 2018 the County assigned her to a new supervisor. Her new supervisor was an employee of the Road and Bridge Division. For the next two years, Plaintiff's new supervisor disciplined her in March of every year. Each disciplinary action was related to leave or time off issues. In 2020, the Families First Coronavirus Response Act (FFCRA) was signed into law. In March 2020, Plaintiff's minor child's elementary school was closed by the Governor because of COVID-19. Plaintiff submitted her request for sick

leave under the Emergency Paid Sick Leave Act (EPSL) and Expanded Family Medical Leave (EFML) to care for her child who could not attend school due to the COVID-19 lockdown. Plaintiff was terminated less than two weeks after she submitted her leave request without explanation and without reference to any specific performance deficiencies.

## II.   PARTIES

2. Plaintiff, Kelly Bachor, is an adult woman who was employed by the County from May 21, 2014 until April 20, 2020 and is a citizen of Durango, La Plata County, Colorado.

3. Plaintiff is a covered and eligible employee under the Families First Coronavirus Response Act (FFCRA, FFCRA, Division E, §§ 5105 to 5111 (Pub. L. No. 116-127)) and under Expanded Family Medical Leave (EFML, 29 U.S.C. §§ 2611(2) and 2620).

4. Defendant La Plata County is a local Colorado government entity with its principal place of business located at 1101 East 2nd Avenue, Durango, La Plata County, Colorado.  Defendant La Plata County Engineering Division is a division within the local Colorado government entity known as La Plata County and is located at 1365 South Camino Del Rio, Durango, CO 81301.

5. The County is covered as an employer as defined by the EPSLA section of the FFCRA and is an Employer under the EFML as it defined as a Public Agency (FMLA, 29 U.S.C. § 2611 (4)(A)(III), (B), and FLSA, 29 U.S.C. § 203(x)).

## III.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal counts in this Complaint pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because Plaintiff was employed and terminated in this District and the Defendant is a local Colorado government entity conducting its activities in La Plata County, Colorado.

## IV.     STATEMENT OF FACTS

8. Plaintiff commenced her employment with the County in approximately May 2014 as an Administrative Assistant II - Engineering.

9. At all times Plaintiff was a loyal and dedicated employee. Throughout her tenure, her performance exceeded the County's legitimate expectations.

10. Plaintiff never received disciplinary action or any form of corrective action in relation to the performance of the job duties in her job description as an employee of the Engineering Division.

11. Plaintiff was never disciplined by anyone in the Engineering Division for whom she actually performed administrative assistance tasks in accordance with her job description.

12. Plaintiff was only ever disciplined by Donna Concannon, an employee with the Road and Bridge Division in the Department of Public Works, an entirely different division than the Engineering Division where Plaintiff was employed.

13. In or about March 2018, Plaintiff was informed that her direct supervisor was being changed from Jim Davis, Director of Public Works, to Donna Concannon.

14. At the time of this personnel change, Plaintiff asked whether she would be receiving an updated job description for her role because she was confused about whether she had been moved to a new division, or if she was supposed to be performing the same work that she had for the previous 4 years.

15. Plaintiff made multiple requests for a new job description, but the County never responded to these requests.

16. In Plaintiff's 2019 performance review she stated, "I would like to have my job description reviewed and updated so I know what is expected of me in my Admin position. What ARE my "job related dimensions"?

17. A senior human resources analyst forwarded this comment to Ms. Concannon and Mr. Davis, but the requested clarifications were never provided to Plaintiff.

18. Plaintiff continued to follow and rely upon her existing job description which outlines her duties solely for the Engineering Division.

19. Concannon disciplined Plaintiff once per year at approximately the same time each year.

20. The disciplinary actions had nothing to do with Plaintiff's performance of the job duties as the Administrative Assistant for the Engineering Division.

21. Concannon's disciplinary actions of 2018, 2019, and 2020 each disciplined Plaintiff related to her time off in the form of vacation leave and daily breaks showing a pattern and practice of disciplining Plaintiff for utilizing her earned and statutorily provided time off from work.

22. During the time between these annual disciplinary actions, Plaintiff was never disciplined for anything related to the performance of her work as an Administrative Assistant for the Engineering Division.

23. Plaintiff received positive annual evaluations and received raises with each evaluation.

24. Shortly after Concannon disciplined Plaintiff for her vacation leave request in March 2020, the COVID-19 pandemic swept through Colorado, initiating shutdowns, lockdowns, and closures of County offices.

25. Plaintiff's dependent child attended school at Park Elementary in Durango, Colorado.

26. On March 18, 2020, Governor Polis signed Executive Order 2020-007 closing all public and private schools to in-person learning due to the COVID-19 public health emergency.

27. On April 7, 2020, Plaintiff signed and submitted her "COVID-19 Employee Self-Identification Form" where she checked the box stating, "I need to care for my son or daughter […] due to school or child care being closed/unavailable."

28. On April 9 she signed and submitted her "FFCRA Emergency Paid Sick Leave (EPSL) Request Form." Plaintiff checked a box stating, "I need to care for my son or daughter [...] due to school or child care being closed/unavailable." Plaintiff also checked a box stating, "Please check here if you would like to request **Expanded Family and Medical Leave** or would like to learn more about it."

29. Plaintiff qualified for paid time off under the EPSLA and Expanded Family and Medical Leave (EFML) because her youngest child could no longer go to school due to the COVID-19 public health emergency.

30. At this time, Plaintiff was already working from home a majority of the time due to the COVID-19 public health emergency.

31. On April 14, 2020, less than 3 business days after Plaintiff submitted her last leave request form to Concannon and human resources, Concannon sent an email to the County's human resources representative stating that Plaintiff was not performing her position without any explanation, examples, or details.

32. Prior to her termination Ms. Bachor was never told that the County or Concannon were having issues with the performance of her defined job duties.

33. Four business days later, on April 20, 2020, Concannon abruptly terminated Plaintiff's employment.

34. During the termination meeting Concannon was unable to point to any specific performance related issues. Concannon had never warned Plaintiff, formally or informally, for any performance related issues.

35. The County's termination notice, dated April 20, 2020, does not state any specific performance issue.  Instead, it cites each of Concannon's annual disciplinary actions of Plaintiff, all of which related to Plaintiff using her earned and statutorily provided time off from work.

36. The only event that occurred between the March 11, 2020 disciplinary action related to Plaintiff's request for vacation time and the April 20, 2020 termination notice is that Plaintiff requested time off to care for her child under the FFCRA.

37. The County, through Concannon, terminated Plaintiff because of her request for intermittent paid leave to care for her child during the COVID-19 pandemic.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (FLSA Retaliation)

38. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

39. By pursuing her rights under the FFCRA, Plaintiff engaged in protected activity under the FLSA.

40. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### SECOND CAUSE OF ACTION
### (FFCRA Retaliation)

42. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

43. Plaintiff has a minor child who was subject to school closures due to COVID-19.

44. By requesting intermittent paid leave due to Plaintiff's inability to work as a result of her bona fide need to care for her child whose school was closed and/or unavailable due to COVID-19, Plaintiff engaged in protected activity under the FFCRA.

45. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FFCRA.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

47. Plaintiff was, and continues to be, injured due to Defendant's violations of the FFCRA.

## THIRD CAUSE OF ACTION
### (EFML Interference)

48. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

49. Plaintiff was entitled to emergency FMLA benefits under the FFCRA as she was an eligible employee as described in 29 U.S.C. § 2611.

50. Plaintiff has a minor child who was subject to school closures due to COVID-19.

51. Plaintiff's requested EFML leave for a qualifying need related to a public health emergency (29 U.S.C. § 2620 (A)(2)(a)).

52. By requesting expanded family medical leave due to Plaintiff's inability to work as a result of her bona fide need to care for her child whose school was closed and/or unavailable due to COVID-19, Plaintiff engaged in protected activity under FMLA.

53. By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and denied Plaintiff's attempt to exercise her rights under EFML.

54. As a direct and proximate cause of Defendant's unlawful interference, Plaintiff has suffered and continues to suffer injury and damage for which he is entitled to compensation pursuant to the FMLA.

### FOURTH CAUSE OF ACTION
### (EFML Retaliation)

55. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

56. Plaintiff was entitled to EFML benefits as she was an eligible employee in accordance with 29 U.S.C. § 2611.

57. Plaintiff was entitled to FMLA benefits as she was an eligible employee as described in 29 U.S.C. § 2611.

58. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA.

59. As a direct and proximate cause of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer injury and damage for which he is entitled to compensation pursuant to the FMLA.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants and prays for:

A. Compensation for the loss of all the income, benefits, and privileges incurred from April 20, 2020 through the date of reinstatement or trial, as well as reasonable front pay, which amount cannot yet be ascertained;

B. Other compensatory damages, including but not limited to compensation for damage to Plaintiff's reputation, emotional distress suffered because of Defendants' unlawful conduct, and all other noneconomic damages Plaintiff so incurred;

C.  Liquidated damages;

D.  Prejudgment interest and post-judgment interest;

E.  Punitive damages;

F.  Reasonable attorney fees incurred in this action, pursuant to federal law;

G.  The costs of this action; and,

H.  Any further relief provided by statute or law and that the Court deems just or equitable.

## VII.   JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Dated this 23rd day of August 2021.

> By:   s/ David T. Albrechta
> *David T. Albrechta, esq.* (48431)
> *Eleni K. Albrechta, esq.* (48429)
> ALBRECHTA & ALBRECHTA, LLC
> 530 Main Avenue, Suite D3
> Durango, Colorado 81301
> Telephone: (970) 422-3288
> E-mail: david@albrechtalaw.com
>             eleni@albrechtalaw.com
>
> *Attorney for Plaintiff, Kelly R. Bachor*